UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMMY L. THORNTON, )<br>)<br>Plaintiff, )<br>)<br>v. )   Civil Case No. 23-3665 (RJL)<br>)<br>CHRISTINE E. WORMUTH, )<br>Secretary of the Army, )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION

December 30th, 2024 [Dkt. #11, Dkt. #13]

Plaintiff Timmy Thornton ("plaintiff" or "Thornton"), a former Army officer, brings this action against defendant Christine Wormuth ("defendant" or "Secretary"), in her official capacity as Secretary of the Army, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* Plaintiff seeks to set aside the Secretary's decision regarding his request for a correction of his Army discharge status. Now before the Court are the parties' cross-motions for summary judgment. *See* Def.'s Mot. for Summ. J. ("Def.'s Mot.") [Dkt. #11]; Pl.'s Cross-Mot. for Summ. J. on the Admin. R. & Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Cross-Mot.") [Dkt. #13]. Upon consideration of the parties' briefing, the relevant law, and the entire record in this case, the Court **DENIES** defendant's motion for summary judgment, **GRANTS** plaintiff's cross-motion for summary judgment, and **REMANDS** the case to the Secretary for further proceedings.

I.  **BACKGROUND**

Plaintiff enlisted in the Army in February 1983. Admin. R. ("A.R.") [Dkt. #18] 19. He was honorably discharged in August 1992 so he could commission as an officer; he was then ordered to active duty. A.R. 19, 109. Over the course of his time in the Army, plaintiff earned numerous accolades[1] and served overseas in Haiti, Korea, and Germany. A.R. 18.

In fall 2000, the Army Criminal Investigation Division opened an investigation into plaintiff. Pl.'s Cross-Mot. 7. He was charged with bigamy, making false official statements, being absent without leave, and disobeying a lawful order. A.R. 191–93. After a probable cause hearing under Uniform Code of Military Justice Article 32(b), the Article 32 officer concluded that there were reasonable grounds to believe plaintiff committed the offenses of bigamy and making false official statements. A.R. 191–95. In December 2000, to avoid a general court-martial, plaintiff voluntary resigned from the Army for the good of the service. A.R. 168–71. He was discharged from the Army under Other Than Honorable Conditions. A.R. 110; A.R. 162. He had about 18 years of active federal service at the time. A.R. 110; *see also* A.R. 37 at 5.

In October 2019, almost 20 years after his discharge, plaintiff filed an application with the Army Board for Correction of Military Records ("ABCMR") to upgrade his discharge to Honorable. A.R. 32–39. The ABCMR reviews service members' applications

---

[1] For example, plaintiff was Airborne-qualified, Ranger-qualified, and Jumpmaster-qualified; he earned the Expert Infantryman Badge and Senior Parachutist badge; and he completed the Special Forces Qualification Course, Infantry Special Weapons Course, French Commando Course, Bradley Commander's Course, and Combined Arms School. A.R. 18.

for corrections of their records and makes recommendations, which the Secretary of the Army can then adopt, reject, or revise. 32 C.F.R. §§ 581.3(b)(1), (c)(2)(i); *see also* 10 U.S.C. § 1552(a)(1) (permitting secretaries of military departments to correct military records when "necessary to correct an error or remove an injustice"); Army Reg. 15-185 (Mar. 31, 2006).

The ABCMR reviewed plaintiff's application and recommended granting "full relief"—specifically, "that [plaintiff's] record be corrected to show he was retired honorably after completing 20 years of active duty service, with payment of any active duty pay and allowances and retired pay he is due as a result of this correction." A.R. 26–27. Plaintiff had not requested the revision to reflect 20 years of service; he had only requested the discharge upgrade. A.R. 32–39.

The Acting Deputy Assistant Secretary of the Army (the "ADAS"), acting on behalf of the Secretary of the Army, reviewed the ABCMR's decision.[2] The ADAS did not agree with the ABCMR's recommendation and instead granted only partial relief. A.R. 11. Namely, the ADAS directed plaintiff's discharge be changed to "Under Honorable Conditions (General)" and rejected the ABCMR's recommendations that plaintiff's records be revised to reflect 20 years' service and that he receive back pay and retirement benefits. A.R. 11. The entirety of the ADAS's explanation is:

> I have reviewed the evidence presented, findings, conclusions, and Board member recommendations. I find there is sufficient evidence to grant partial relief. Therefore, under the authority of Title 10, United States Code, section

---

[2] The Secretary here delegated the authority to make a final decision to the ADAS. Def.'s Opp'n to Pl.'s Cross-Mot. for Summ J. & Reply In Further Support of Def.'s Mot. for Summ. J. ("Def.'s Opp'n") [Dkt. #15] 2; Pl.'s Cross-Mot. 9–10.

> 1552, I direct that all Department of the Army Records of the individual concerned be corrected by amending the DD Form 214 for the period ending 2 February 2001 as follows: item 24 (Character of Service) – 'Under Honorable Conditions (General)'.

A.R. 11.

Plaintiff then filed a complaint in this Court on December 8, 2023. Compl. [Dkt. #1]. He asks the Court to find the ADAS's decision arbitrary and capricious and remand the matter back to the agency. Compl. 12. Defendant moved for summary judgment on May 1, 2024. Def.'s Mot. Plaintiff then filed a cross-motion for summary judgment on July 1, 2024. Pl.'s Cross-Mot. These motions are ripe for my review.

## II.   LEGAL STANDARD

A final decision of the Secretary of the Army is subject to judicial review under the APA. 5 U.S.C. § 706; *see Dickson v. Secretary of Defense*, 68 F.3d 1396, 1402 (D.C. Cir. 1995) (explaining "that when a Board reviews the merits of a former servicemember's application under § 1552(a)(1), the decision is subject to judicial review" (citing *Chappell v. Wallace*, 462 U.S. 296, 303 (1983))). The Court must set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a). The scope of review is narrow, as this Court "review[s] a decision of a military corrections board under an 'unusually deferential application of the "arbitrary and capricious" standard.'" *Roberts v. United States*, 741 F.3d 152, 158 (D.C. Cir. 2014) (quoting *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989)). The Court should "limit [its] inquiry to whether the 'Secretary's decision making process was deficient, not whether his decision was correct.'" *Id.* (quoting *Kreis*, 866 F.2d at 1511).

Still, this Court's review is not a rubber stamp. The Court "retain[s] a role, and an important one, in ensuring that agencies have engaged in reasoned decisionmaking." *Judulang v. Holder*, 565 U.S. 42, 53 (2011). "[T]he court must be satisfied that the agency has 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Iaccarino v. Duke*, 327 F. Supp. 3d 163, 173 (D.D.C. 2018) (alterations in original) (quoting *Alpharma, Inc. v. Leavitt*, 460 F.3d 1, 6 (D.C. Cir. 2006)). "[E]ven a military personnel decision 'is owed no deference if it fails to "give a reason that a court can measure . . . against the arbitrary or capricious standard of the APA."'" *Berry v. Esper*, 322 F. Supp. 3d 88, 91 (D.D.C. 2018) (quoting *Coburn v. McHugh*, 679 F.3d 924, 929 (D.C. Cir. 2012)).

### III. ANALYSIS

Plaintiff argues that the ADAS's decision must be set aside because (1) it is arbitrary and capricious, Compl. ¶¶ 57–61 (Count I); and (2) it violates federal regulation requiring the Secretary of the Army to issue a statement of the grounds for denial or revision, Compl. ¶¶ 62–65 (Count II). I address each contention in turn.

#### A. The ADAS's Decision is Arbitrary and Capricious

Plaintiff asserts the ADAS's decision is arbitrary and capricious because it is wholly conclusory, devoid of any reasoning, and utterly unreviewable. Compl. ¶¶ 60–61. I agree.

The ADAS here enjoys an unusually deferential standard of review, *see Kreis*, 866 F.2d at 1514, but his decision fails to meet even this generous standard. The ADAS provided no explanation for his decision other than stating he "reviewed the evidence presented, findings, conclusions, and Board member recommendations" and found

5

"sufficient evidence to grant partial relief." A.R. 11. That is not nearly enough. Indeed, the Court is left scratching its head as to how the ADAS reached his decision and why he disagreed with the ABCMR's recommendation!

Plaintiff's summary of the problem is apt: "The [ADAS]'s two-sentence explanation mentions no facts of the case, states no particular areas of disagreement with the ABCMR's unanimous recommendations, and otherwise provides no analysis that would allow this Court to meaningfully evaluate the [ADAS]'s reasoning." Pl.'s Cross-Mot. 13. The ADAS's boilerplate statements do not allow the Court to determine whether he "examine[d] the relevant data" or whether there is "a rational connection between the facts found and the choice made." *See Iaccorino,* 327 F. Supp. 3d at 173 (alterations in original) (internal quotation marks omitted). The ADAS's decision is therefore "utterly unreviewable" and arbitrary and capricious. *See Berry,* 322 F. Supp. 3d at 91.

Defendant urges the Court to infer the ADAS's reasoning from either the ABCMR's decision or defendant's briefing. Neither argument holds water. *First,* defendant urges this Court to view the ABCMR's analysis and the evidence underlying that analysis as support for the ADAS's decision. Def.'s Opp'n 4. It is not clear how the ABCMR's 20-page explanation of how it reached a *different* conclusion from the ADAS could support the ADAS's decision, especially given the ADAS made no attempt to address the ABCMR's reasoning. *Cf. Berry,* 322 F. Supp. 3d at 91 ("Not to say that summary denials must always be set aside under the APA. If, for example, the Board had written a denial

6

decision and the Deputy Secretary summarily *affirmed* it, the Court could fairly presume (even if not with certainty) that she was adopting the Board's reasoning.").[3]

*Second*, defendant asks the Court to view its briefing as "*post hoc* explanation" of the ADAS's decision. Def.'s Opp'n 6 (citing *Nat'l Oilseed Processors Ass'n v. Browner*, 924 F. Supp. 1193, 1204 (D.D.C. 1996)). Plaintiff, however, characterizes defendant's briefing as "*post hoc* rationalization." Pl.'s Cross-Mot. 15. *Post hoc* explanation elaborates on a basis already provided by the agency and is permissible; *post hoc* rationalization provides a new basis for agency action and is impermissible. *See Nat'l Oilseed Processors*, 924 F. Supp. at 1204 ("The key distinction is the difference between a post hoc rationalization, which is a new rationale for an agency action, and a post hoc explanation, which is an agency's discussion of the previously-articulated rationale for the challenged action. Post hoc rationalizations are precluded; post hoc explanations are not."). The ADAS provided *no* basis for his decision. Defendant's briefing cannot be "discussion of the previously-articulated rationale for the challenged action" when there was no previously-articulated rationale. *See id.* Defendant's briefing is therefore impermissible *post hoc* rationalization which cannot save the ADAS's woefully deficient decision.

As the ADAS provided no rationale for his decision and the Court cannot discern his rationale from the ABCMR's recommendation or defendant's briefing, the ADAS's decision is arbitrary and capricious. *See Berry* 322 F. Supp. 3d at 91.

---

[3] Defendant also asks the Court to uphold the ADAS's decision because it is obviously supported by the record. Def.'s Opp'n 7–8. The record is not clearly supportive of the ADAS's decision, though. The ABCMR certainly disagreed with the ADAS's decision, and the underlying facts are sharply disputed by the parties.

### B. The ADAS's Decision Violates Federal Regulations

Plaintiff also asserts that the ADAS's decision violates federal regulations requiring the Secretary to issue a statement of the grounds for denial or revision. Compl. ¶¶ 62–65 (citing 32 C.F.R. § 581.3(g)(3)(i)). Here again I agree with plaintiff.

32 C.F.R. § 581.3(g)(3)(i) states that if the Secretary does not accept the ABCMR's recommendation, "that decision will be in writing and will include a brief statement of the grounds for denial or revision." While the regulation requires only a "brief" statement—and the ADAS's decision here is certainly brief—the decision is completely devoid of the "grounds" for the ADAS's rejection of the ABCMR's recommendation. *See* 32 C.F.R. § 581.3(g)(3)(i). As discussed above, the ADAS did not provide any explanation for his finding that "there is sufficient evidence to grant partial relief." *See supra* Section III.A. The Secretary has therefore failed to follow the requirements set out in 32 C.F.R. § 581.3(g)(3)(i).

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is **DENIED**, plaintiff's cross-motion for summary judgment is **GRANTED**, and this case is **REMANDED** back to the Secretary for further proceedings. A separate Order consistent with this decision accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge